COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-330-CV

 

 

MORGAN MITZ                                                                   APPELLANT

 

                                                   V.

 

KAY BISHOP                                                                         APPELLEE

 

                                              ------------

 

                FROM COUNTY
COURT AT LAW OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Morgan Mitz appeals from a judgment of
eviction for breach of her residential lease agreement with Appellee Kay
Bishop.  In five issues, Appellant argues
that (1) she was denied due process and that the trial judge=s conduct
gave the appearance of judicial impropriety; (2) the trial court=s
erroneous interpretation of the rental agreement between the parties is
unconstitutional because it violates her equal rights under the law and the
judgment does not meet the requirements of rule 301 of the Texas Rules of Civil
Procedure; (3) the trial judge erred by refusing to consider evidence of
retaliation as a defense; (4) the evidence is legally insufficient to support
the judgment; and (5) the evidence is factually insufficient to support the
judgment.  Because we hold that the lease
has now ended by its own terms, we dismiss the appeal as moot.








Appellant as tenant and Appellee as landlord
entered into a written residential lease agreement, drafted by Appellant, on
November 17, 2005.  Appellee lives next
to the rental property.  On May 12, 2006,
Appellee filed a forcible detainer suit in the justice court.  After the trial court granted judgment in
Appellee=s favor,
Appellant appealed the judgment to the county court.        Both Appellant and Appellee testified at the trial in the
county court.  According to testimony, on
November 27, 2005, Appellee=s
husband entered the rental property at Appellant=s
request to replace the hot water heater. 
Appellee also entered the property at that time, and Appellant asked her
to leave.  According to Appellee, she was
on the property to assist her husband with the repair.  On another date, Appellant complained to
Appellee about the plumbing.  Appellee=s
husband went to the property to investigate the problem, and Appellant denied
him access to the premises.  Appellee
also testified that she called the police on numerous occasions to complain
about noise coming from the rental property.

The trial court granted judgment for Appellee on
June 30, 2006.  In its findings of fact
and conclusions of law, the trial court stated that Appellant had violated
paragraph ten of the lease agreement by unreasonably withholding consent for
Appellee to be on the property when Appellee was there to assist in
repairs.  The court further found that
Appellant had repeatedly called, or caused to be called, the police to the
rental property to answer complaints or enforce legal rights and that this
action violated paragraph eleven of the lease agreement because Appellant=s
actions disturbed her neighbor Appellee=s
peaceful enjoyment.  Finally, the court
found that Appellee gave Appellant proper notice that the lease was to be
terminated and that Appellant should vacate the property.  Appellant then filed this appeal.

Appellee filed a motion to dismiss this appeal as
moot on the ground that the lease terminated by its own terms on April 1,
2007.  Appellant argues in her response
that the lease has not terminated.

The relevant lease terms are as follows:








1.  TERMS: 
TENANT agrees to pay in advance $325.00 per month on the FIRST
day of each month, per the terms of the ASPECIAL CONDITIONS@ (See #9 of this
agreement.)  This agreement shall
commence on NOV. 17, 2005 and continue until APRIL 1, 2007 on a
month-to-month tenancy according to the terms of the ASPECIAL CONDITIONS.@

 

. . .
. 

 

9.  SPECIAL CONDITIONS:  . . . Tenant will have the right to rent said
property at a fixed rate of $325.00 per month till April 1, 2007.  Tenant may terminate this agreement with a 30
day written notice till April 1, 2007, after this date either party may
terminate with a 30 day notice.  The
Landlord may terminate this agreement with a 30 day notice before this date ONLY
IF THE TENANT DEFAULTS ON THE TERMS OF THIS AGREEMENT.

 

Neither party claims that the lease in this case
is ambiguous.  The Texas Supreme Court
has made clear our duty when construing an unambiguous lease:

Construing an unambiguous
lease is a question of law for the Court. . . . 
In construing an unambiguous lease, our primary duty is to ascertain the
parties' intent as expressed within the lease's four corners.  We give the lease's language its plain,
grammatical meaning unless doing so would clearly defeat the parties'
intentions.  We examine the entire lease
and attempt to harmonize all its parts, even if different parts appear
contradictory or inconsistent.[2]

 








Appellant in this case drafted a lease that bound
Appellee to a specified term set out in paragraph one of the lease, unless
Appellant breached the lease, in which case Appellee could terminate the lease
upon thirty days= notice.  Under the lease, Appellant could terminate
the lease early for any reason upon thirty days=
notice.  At the end of the specified
term, however, the lease became terminable by either party upon thirty days= notice.[3]  Although the lease states that the tenant
must give written notice to terminate the lease, it does not specify the form
of notice that must be given by the landlord.

This appeal was submitted to this court after
April 1, 2007; thus, the initial lease term in paragraph one of the lease has
ended.  If neither Appellant nor Appellee
has given thirty days= notice of termination to the
other, then the lease is continuing on a month-to-month basis.  If either party has given the requisite
notice, then the lease has ended and this appeal is moot.[4]

In her brief, Appellant notes that she initially
received from Appellee notice to terminate because of default on March 20,
2006, and April 20, 2006 (the letters are dated March 20, 2006 and April 21,
2006).  Further, the trial court found
that Appellee gave Appellant proper notice that the lease was to be
terminated.  Appellant does not challenge
that finding on appeal.








To her response to Appellee=s motion
to dismiss, Appellant attached a trial court filing indicating that Appellee
gave notice again as of March 1, 2007 of her intent to terminate the
lease.  Additionally, Appellee served the
motion to dismiss on Appellant on April 11, 2007.  Accordingly, we hold that Appellant had
sufficient notice under the lease as written of Appellee=s
intention to terminate the lease after April 1, 2007, regardless of the
appeal.  Further, given the evidence in
the record of Appellant=s history with Appellee, we do
not think that Appellant can deny that she had more than thirty days= actual
notice that Appellee intended to terminate the lease rather than continue it on
a month-to-month basis at the end of the specified term.  We therefore hold that, under the
circumstances of this case, this lease ended by its own terms.  This appeal is therefore moot.  Consequently, we grant Appellee=s motion
to dismiss the appeal, and we dismiss the appeal as moot.[5]

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED:  November 8, 2007











[1]See Tex. R. App. P.
47.4.





[2]Anadarko Petroleum Corp. v. Thompson, 94 S.W.3d 550, 554 (Tex. 2002) (citations omitted).





[3]See generally Tex. Prop. Code Ann. ' 91.001 (Vernon 2007) (stating that a month-to-month
tenancy may be terminated by the tenant or the landlord giving notice of
termination to the other).





[4]See Marshall v. Hous. Auth. of City of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006) (dismissing appeal
as moot and holding that there was no live controversy between the parties as
to Appellant tenant=s right of current possession of the apartment at
issue because Appellant=s lease had expired).





[5]See id.